FILED
2024 Apr-08  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARYANN SHEPARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:23-cv-1594-ACA** |
| | ) | |
| **SANOFI-AVENTIS U.S. LLC,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

Defendants Sanofi-Aventis U.S., LLC and Sanofi US Services, Inc. manufactured, marketed, and sold Taxotere, a chemotherapy medication. In 2010, Plaintiff MaryAnn Shepard used Taxotere. Ms. Shepard contends that six months after she stopped taking Taxotere, she experienced permanent hair loss and thinning. In 2020, Ms. Shepard filed her complaint against Defendants, alleging that her permanent hair loss was a side effect of Taxotere.

Defendants move for judgment on the pleadings, contending that some of Ms. Shepard's claims are time barred and that she failed to plead the rest with the particularity required by Federal Rule of Civil Procedure 9(b). (Doc. 24). Because the court agrees, the court **WILL GRANT** Defendants' motion and **WILL DISMISS** this action **WITH PREJUDICE**.

## I.     BACKGROUND

When deciding a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 928 (11th Cir. 2023).

The court received this case on remand from the judicial panel that is presiding over *In re: Taxotere (Docetaxel) Products Liability Litigation*, No. 16-md-2740 (J.P.M.L.) (the "multidistrict litigation") and after the parties did not unanimously consent to dispositive jurisdiction by a magistrate judge. (*See* docs. 6, 21). Ms. Shepard's short form complaint provides almost no factual allegations. (*See* doc. 1). Instead, it incorporates in full the master complaint from the multidistrict litigation. (*See id*. at 1). After Ms. Shepard filed her short form complaint, the Plaintiffs Steering Committee in the multidistrict litigation filed a second amended master complaint. (*See* doc. 5-4 at 342–409).

"[A]n amended pleading supersedes the former pleading." *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). "The original pleading is abandoned by the amendment[] and is no longer a part of the pleader's averments against his adversary." *Id*. (cleaned up). The second amended master complaint is the operative multidistrict pleading in this case (*see* doc. 5-3 at 516; *see also* doc. 5-4 at 342–409), and the court will consider only the allegations in that complaint to

rule on Defendants' motion. These are the facts alleged in Ms. Shepard's complaint and the operative complaint in the multidistrict litigation:

Ms. Shepard was diagnosed with breast cancer and underwent chemotherapy using Taxotere. (Doc. 5-4 at 343–44 ¶ 5; *see also* doc. 1 at 3). Defendants are pharmaceutical companies who researched, developed, tested, manufactured, labeled, advertised, marketed, promoted, sold and/or distributed Taxotere. (Doc. 5-4 at 346–51 ¶¶ 15–31).

Ms. Shepard used Taxotere from July 21, 2010 to November 4, 2010, and she alleges that it was administered to her in California. (Doc. 1 at 4). Ms. Shepard experienced permanent hair loss and thinning, which she contends was a side effect of Taxotere. (*Id.*; *see also* doc. 5-4 at 343–44 ¶ 5). The permanent hair loss made Ms. Shepard feel stigmatized, altered her self-image, affected her relationships with others, and otherwise prevented her from "return[ing] to normalcy" after receiving treatment. (Doc. 5-4 at 344 ¶ 6).

Ms. Shepard contends that her experience is not unique. (*See*, *e.g.*, *id.* at 343–45 ¶¶ 5–11). It is "a now well-documented side effect" of Taxotere "that the[] drug[] cause[s] permanent hair loss." (*Id.* at 343 ¶ 4). Ms. Shepard contends that Defendants failed to warn patients and healthcare providers that Taxotere could cause permanent hair loss. (*Id.*). Ms. Shepard alleges that Defendants instead concealed this side effect from the public. (Doc. 5-4 at 343 ¶ 4).

During the multidistrict litigation, the parties engaged in several rounds of motion and pleading practice as well as various bellwether trials. (*See* doc. 5-3 at 515–17, 528–30) (summarizing the multidistrict litigation proceedings). After the first bellwether trial, the Plaintiffs Steering Committee moved for leave to amend their allegations, requesting to redefine their injury from becoming permanent six months after chemotherapy to a time that "varies from patient to patient." (*See* doc. 5-4 at 1425–26) (quotation marks omitted). The judicial panel denied leave to amend, finding that this belated change to the definition of the plaintiffs' injuries would "cause serious prejudice to Defendants." (*Id*. at 1429).

The judicial panel later entered Pretrial Order No. 105, which permitted all plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each" plaintiff. (Doc. 5-2 at 167 ¶ 2). The parties then entered a stipulation regarding Pretrial Order No. 105. (*See id*. at 169–74). The plaintiffs "agree[d] not to seek leave to amend [their short form complaints] to add or include any allegations that are inconsistent with [Pretrial Order No.] 105 or [the judicial panel's other] [o]rders addressing motions to amend . . . , including any allegations that ha[d] been previously disallowed by the" judicial panel. (*Id*. at 169 ¶ 2). In turn, Defendants "agree[d] that [they] w[ould] not argue waiver based on any [p]laintiff's refraining from amending her [short form

complaint] to include allegations inconsistent with" Pretrial Order No. 105. (*Id*. at 169 ¶ 3).

Ms. Shepard did not amend her short form complaint. And by the time the court received this case, the deadline for her to do so had passed. (*See* doc. 5-3 at 517).

## II.   DISCUSSION

Ms. Shepard asserts all the remaining claims in the operative master complaint against Defendants: (1) strict products liability – failure to warn; (2) negligence; (3) negligent misrepresentation; (4) fraudulent misrepresentation; (5) fraudulent concealment; and (6) fraud and deceit. (Doc. 1 at 4; *see also* doc. 5-4 at 387–89 ¶¶ 221–31, 391–405 ¶¶ 240–311; doc. 5-3 at 515–16) (explaining that the judicial panel dismissed the claims for product liability, misrepresentation, and breach of warranty). For the ease of the court and convenience of the parties, the court refers to Ms. Shepard's strict liability and negligence claims as the "products claims." The court refers to all other claims as the "fraud claims."

Defendants assert that Ms. Shepard's claims are improperly pleaded and time barred. (*See* doc. 24). In response, Ms. Shepard contends that Defendants' motion is not ripe for review. (*See* doc. 30 at 2–3). The court will first ensure that Defendants' motion is ripe before examining Defendants' arguments.

1.  Defendants' motion is ripe for review.

Ms. Shepard first contends that because her case has been remanded from multidistrict litigation, the appropriate procedure is to grant her leave to amend her complaint with "case-specific facts". (*See* doc. 30 at 2–3). First, the court does not ordinarily consider motions that are buried in parties' briefs. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009); *see also* Fed. R. Civ. P. 7(b)(1). Second, to the extent Ms. Shepard has requested leave to amend, her motion is substantively improper because she has not provided the court any proposed amendments so that the court can evaluate the amendments' futility. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). Accordingly, to the extent Ms. Shepard requests leave to amend her complaint, the court **DENIES** that request for those two separate and independent reasons.

Ms. Shepard next contends that that the parties' stipulation precludes Defendants from arguing that her claims are time barred. (Doc. 30 at 2–3). Defendants respond that Pretrial Order No. 105 and the parties' stipulation are irrelevant. (Doc. 31 at 4–5).

The judicial panel issued Pretrial Order No. 105 after it denied the Plaintiffs Steering Committee's motion for leave to amend the plaintiffs' allegations to expand

the scope of the plaintiffs' injuries. (*Compare* doc. 5-4 at 1425–29, *with* doc. 5-2 at 167–68). "Considering many [p]laintiffs ha[d] begun amending . . . their individual [s]hort [f]orm [c]omplaints in response to [the judicial panel's] rulings on" the Plaintiff Steering Committee' motion to amend, the judicial panel entered Pretrial Order No. 105, which permitted all plaintiffs to "amend their complaints to add factual allegations regarding particularized facts individual and specific to each" plaintiff. (Doc. 5-2 at 167). The parties stipulated that the plaintiffs would not seek to add "any allegations that are inconsistent with [Pretrial Order No.] 105 or [the judicial panel's other] [o]rders addressing motions to amend" and that Defendants would "not argue waiver based on any [p]laintiff's refraining from amending her [short form complaint] to include allegations inconsistent with" Pretrial Order No. 105. (*Id*. at 169 ¶¶ 2–3).

That stipulation means that Defendants cannot argue that Ms. Shepard waived her claims by failing to amend her short form complaint to allege facts that were inconsistent with the judicial panel's prior orders. (*See id*. at 169 ¶¶ 2–3). But that's not what Defendants are arguing. (*See* doc. 25 at 13–15). They are instead asserting that Ms. Shepard's allegations *as alleged* render her claims barred by the applicable statute of limitations. Accordingly, the court's analysis proceeds.

2. <u>Ms. Shepard has not pleaded her fraud claims with the requisite particularity.</u>

Defendants assert that Ms. Shepard has not pleaded her fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b). (*See* doc. 25 at 18–19). Ms. Shepard contends that her allegations are sufficiently particular, citing to general allegations in the master complaint regarding Defendants' alleged scheme to conceal the effects of Taxotere. (*See* doc. 30 at 4–5). But Rule 9 requires more than general allegations.

"In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Specifically, a plaintiff must allege "(1) precisely what statements were made . . . , (2) the time and place of each such statement and the person responsible for making" the statement, "(3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (quotation marks omitted). Rule 9(b) also applies to claims of fraudulent concealment. *See Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).

When the judicial panel presiding over the multidistrict litigation remanded this case, the panel advised this court that the panel had directed all plaintiffs to amend their short-form complaints to include plaintiff-specific allegations for the fraud claims. (Doc. 5-3 at 516). The deadline to plead those allegations has expired

(*id*. at 517), and Ms. Shepard did not amend her short form complaint. Accordingly, the only allegations particular to Ms. Shepard are: (1) she used Taxotere from July 21, 2010 to November 4, 2010; (2) the Taxotere was administered to her in California; and (3) her hair loss and thinning became permanent approximately six months after she stopped taking Taxotere. (Doc. 1 at 4; *see also* doc. 5-4 at 343–44 ¶ 5, 377–78 ¶ 181).

Because Ms. Shepard did not amend her short form complaint to include allegations that are specific to her, there are no allegations regarding how Defendants' statements misled her. *See Young*, 57 F.4th at 875; *Henderson*, 454 F.3d at 1284. Undeniably, the operative master complaint contains general allegations regarding Defendants' conduct (*see* doc. 5-4 at 397–99 ¶¶ 268–76), but general allegations don't satisfy Rule 9, *see* Fed. R. Civ. P. 9(b). Accordingly, Ms. Shepard has not pleaded her fraud claims in accordance with Rule 9(b), and the court **WILL DISMISS** Ms. Shepard's fraud claims on that ground.

3.  Ms. Shepard's products claims are time barred.

Defendants assert that Ms. Shepard's products claims are time barred because her injury accrued in 2010 and she did not file her complaint until 2017. (Doc. 25 at 12–13). Ms. Shepard presents three arguments in response, one of which implicates a choice of law issue. (*See* doc. 30 at 6–9). Because the parties dispute whether

Alabama law or California law applies to Ms. Shepard's claims (*compare* doc. 25 at 9–10, *with* doc. 30 at 7–8, *and* doc. 31 at 5–7), the court considers that issue first.

> a. *Alabama's statute of limitations applies to Ms. Shepard's claims.*

"Because no federal common law exists," a federal court exercising diversity jurisdiction "applies the substantive law of the state in which it sits." *Rosa & Raymond Parks Inst. for Self Dev. v. Target Corp.*, 812 F.3d 824, 829 (11th Cir. 2016). So, Alabama's choice of law rules control. *See id*. Under those rules, this court must apply the procedural rules of Alabama and the substantive law of California, the state in which Ms. Shepard alleges the injury occurred. (*See* doc. 1 at 4); *Fitts v. Minn. Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991).

Generally, statutes of limitations are procedural rules under Alabama law. *Rosa & Raymond Parks Inst. for Self Dev.*, 812 F.3d at 829 n.12. But when (1) a statute "creates a new liability," (2) the liability "did not exist at common law," and (3) the statute includes within its text "a time within which [a plaintiff] must bring that action," the time limit is instead a substantive "statute of creation." *Ex parte B.W.C.*, 590 So. 2d 279, 281 (Ala. 1991) (defining "statutes of creation") (quotation marks omitted); *see also*, *e.g.*, *Etheredge v. Genie Indus., Inc.*, 632 So. 2d 1324, 1326–27 (Ala. 1994) ("In . . . a statute of creation, the limitation period is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In . . . a statute of limitation, the limitation is deemed to

affect only the remedy and does not constitute part of the substantive right) (cleaned up). Put differently, a statute of creation imposes a time limit as an element of the claim, so "it is not subject to any provision intended to temporarily suspend the running of a limitations period" because, once the time has expired, so does the cause of action. *Ex parte FMC Corp.*, 599 So. 2d 592, 594 (Ala. 1992).

Ms. Shepard contends that California's time limitation is a substantive statute of creation, so California law (including its discovery rule for the tolling of statutes of limitations) applies. (*See* doc. 30 at 8–9). But § 335.1 is not a statute of creation. It does not create a new liability that did not exist at common law; it merely imposes a two-year limitations period on actions "for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." Cal. Civ. Proc. Code § 335.1; *see Ex parte B.W.C.*, 590 So. 2d at 281 (defining statutes of creation); *Etheredge*, 632 So. 2d at 1327 (finding that a North Carolina statute imposing a limitations period was a statute of limitations, not a statute of creation, because "it is not inextricably bound up in a statute creating the right or cause of action") (alterations and quotation marks omitted).

Because California's limitation period is a procedural statute of limitation, the court must apply Alabama law, including Alabama's statute of limitations. *See Rosa & Raymond Parks Inst. for Self Dev.*, 812 F.3d at 829 n.12. The court therefore

considers Ms. Shepard's remaining arguments regarding Alabama's statute of limitations.

> **b. Because Ms. Shepard did not properly allege a fraudulent concealment claim, she cannot invoke Alabama Code § 6-2-3.**

Ms. Shepard argues that under Alabama Code § 6-2-3, which she asserts tolls the applicable statute of limitations for her products claims, her claims did not accrue until she gained actual knowledge of the facts that would have put her on notice of fraud. (Doc. 30 at 1–2). Defendants reply that § 6-2-3 is inapplicable because Ms. Shepard has not pleaded her fraudulent concealment claim with particularity. (Doc. 31 at 8–9).

"In actions seeking relief on the ground of fraud . . . , the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3. The Alabama Supreme Court interprets this provision to also toll the statute of limitations "to other torts not arising in fraud" when pleaded alongside a claim of fraudulent concealment because "[a] party cannot profit by his own wrong in concealing a cause of action against himself until barred by [the statute of] limitation[s]." *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (quotation marks omitted).

But there is a problem: the claim of fraudulent concealment must itself be properly pleaded to toll the statute of limitations for products claims. *Henderson*,

454 F.3d at 1282–83; *see also Miller v. Mobile Cnty. Bd. of Health*, 409 So. 2d 420, 422 (Ala. 1981) (holding that the failure to sufficiently plead a claim of fraudulent concealment prevents a litigant from invoking Alabama Code § 6-2-3 for the remaining tort claims). Ms. Shepard has not properly pleaded a claim of fraudulent concealment, *supra* at 8–9, and therefore may not invoke § 6-2-3 for her products claims.

### 4.  Separately, Ms. Shepard is not entitled to equitable tolling.

Defendants, anticipating that Ms. Shepard will assert equitable tolling, argue that Ms. Shepard has alleged facts that preclude equitable tolling because her allegations identify publicly available information that she could have discovered through reasonable diligence that would have put her on notice of her claims. (Doc. 25 at 16–18). Ms. Shepard responds that equitable tolling applies to her claims because Defendants' labeling, marketing materials, and package inserts misled her into believing her hair would eventually grow back and she was not required to search out information that contradicted Defendants' representations. (*See* doc. 30 at 6–7).

"The party seeking equitable tolling has the burden of proof, although he need not make any allegations about equitable tolling in his complaint." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (citation omitted). "A plaintiff nonetheless can plead h[er]self out of court by alleging facts

that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling." *Id*. And that is what Ms. Shepard has done here.

Ms. Shepard alleges that medical studies identified a potential link between Taxotere and permanent hair loss as early as December 2006. (Doc. 5-4 at 370 ¶ 150). Ms. Shepard further alleges that medical journals also began publishing articles regarding a potential link between Taxotere and permanent hair loss as early as 2009. (*E.g.*, *id*. at 371 ¶ 152, 372–74 ¶¶ 158–62). Ms. Shepard also alleges that news articles began reporting on this potential link as early as March 2010. (*E.g.*, *id*. at 371–72 ¶¶ 153–57).

The pleaded examples of publicly available information regarding a potential link between Taxotere and permanent hair loss suggest that Ms. Shepard could have discovered her cause of action through reasonable diligence. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 394 (5th Cir. 2021) ("A reasonable inquiry would have uncovered at least some information that linked Taxotere to persistent alopecia.").[1] And the caselaw Ms. Shepard relies upon does not compel a different result. (*See* doc. 30 at 6) (citing *Collins v. Davol, Inc.*, 56 F. Supp. 3d 1222, 1227 (N.D. Ala. 2014)).

---

[1] Decisions of the Fifth Circuit are not binding on this court, but such decisions may be cited as persuasive authority. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[W]e consider decisions from other circuits as persuasive authority"); *see also Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985). The court finds the reasoning of the Fifth Circuit persuasive.

Ms. Shepard relies on another district court decision for the general proposition that the question of discovery "is generally one for the jury" and requires that "the plaintiff actually knew of facts that would have put a reasonable person on notice of" her claims. *Collins v. Davol, Inc.*, 56 F. Supp. 3d at 1227 (emphasis omitted). Setting aside that this authority is not binding on this court, the *Collins* court was discussing the availability of § 6-2-3—not equitable tolling. *See* 56 F. Supp. 3d at 1226–27. As discussed *supra* at 8–9, 12–13, § 6-2-3 is not available to Ms. Shepard because she did not plead her fraud claims with the requisite particularity.

Ms. Shepard further asserts that "there is no legal authority for the proposition that 'due diligence' requires a [p]laintiff to conduct [independent] research" regarding her claims. (Doc. 30 at 7). But Ms. Shepard misunderstands Defendants' arguments. Defendants do not contend that Ms. Shepard has an affirmative obligation to read medical journals or perform independent research regarding whether she might have a cause of action. (*Cf.* doc. 25 at 17; doc. 31 at 9–10). Their argument instead is that Ms. Shepard has plead herself out of court because she waited more than two years after suffering the injury and her complaint alleges the existence of information that she could have discovered. (*See* doc. 25 at 17; doc. 31 at 9–10).

Ultimately, 'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Weaver v. Firestone*, 155 So. 3d 952, 958 (Ala. 2013) (quotation marks omitted). At this stage, Ms. Shepard must allege facts that, if true, "establish[] two elements: (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way as to the filing of h[er] action." *See id*. at 957 (quotation marks omitted). Because Ms. Shepard has alleged facts that preclude either finding, she cannot invoke equitable tolling to save her untimely filing. Accordingly, the court **WILL GRANT** Defendants' motion on the separate and independent basis that Ms. Shepard's pleaded allegations foreclose the availability of equitable tolling.

## III.   CONCLUSION

The court **WILL GRANT** Defendants' motion. The court **WILL DISMISS** all claims **WITH PREJUDICE**. The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 8, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE